Samuel **HILL** et al., Plaintiffs,

and

Mrs. Virginia Scott, Intervening Plaintiff-Appellee,

v.

**FRANKLIN COUNTY BOARD OF EDUCATION** et al., Defendants-Appellants.

Samuel **HILL** et al., Plaintiffs,

and

Mrs. Theresa Kinslow, Intervening Plaintiff-Appellant,

v.

**FRANKLIN COUNTY BOARD OF EDUCATION** et al., Defendants-Appellees.

Samuel **HILL** et al., Plaintiffs,

and

Mrs. Virginia Scott, Intervening Plaintiff-Appellant,

v.

**FRANKLIN COUNTY BOARD OF EDUCATION** et al., Defendants-Appellees.

Nos. 17647–17649.

United States Court of Appeals Sixth Circuit.

Feb. 20, 1968.

Avon N. Williams, Jr., Nashville, Tenn., for Mrs. Virginia Scott and Mrs. Theresa Kinslow; Jack Greenberg, James M. Nabrit, III, Michael J. Henry, New York City, Z. Alexander Looby, Nashville, Tenn., on briefs.

Pat B. Lynch, Winchester, Tenn., for Franklin County Board of Education, and others; Lynch & Lynch, Winchester, Tenn., on brief.

Before CELEBREZZE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

COMBS, Circuit Judge.

These appeals are from judgments on intervening pleadings in an action filed in 1963 to compel desegregation of the county school system in Franklin County, Tennessee.

The county board of education filed a plan of desegregation. The plan was modified by the district court and, as modified approved in Hill v. County Board of Education of Franklin County, Tenn., 232 F.Supp. 671 (1964). The district court retained jurisdiction of the case.

Mrs. Virginia Scott and Mrs. Theresa Kinslow, Negro schoolteachers, filed intervening pleadings in 1966 alleging that they had been damaged by reason of discriminatory employment practices by the county board of education. Mrs. Scott was a non-tenure teacher at the all Negro Mt. Zion Elementary School. She was discharged because of a decrease in the enrollment at that school, many of the students having been transferred to other schools after the desegregation plan went

into effect. Mrs. Kinslow applied for a teaching position in the Franklin County school system for the year 1965–66 and the board declined to employ her.

The district judge held that Mrs. Scott was wrongfully discharged but that she was offered another suitable teaching position ten days later. She was awarded judgment in the amount of $286.80 for loss of time between the date of her discharge and the tender of the other position. The judge held that the board's refusal to employ Mrs. Kinslow was an administrative decision and that there was substantial evidence to support that decision. Counsel fees in the amount of $1,000.00 for Mrs. Scott's attorneys were ordered to be taxed as costs against the board of education.

Mrs. Scott, Mrs. Kinslow, and the Franklin County Board of Education are all here on appeal. We affirm on each of the appeals.

The district court properly held that Mrs. Scott's discharge was discriminatory. When it became necessary to discharge a teacher because of the decrease in enrollment at the Mt. Zion school, Mrs. Scott was entitled to have her qualifications compared by definite objective standards with all other teachers in the Franklin County system. This was not done. Her qualifications were compared only with those of other teachers at the Mt. Zion school. We held in Rolfe et al. v. County Board of Education of Lincoln County, Tennessee, 6 Cir., 391 F.2d 77, decided February 19, 1968, that this is discriminatory. On the other hand, the evidence supports the judge's finding that ten days later Mrs. Scott was offered, and declined to accept, another suitable teaching position in the Franklin County school system. She is not entitled to recover for time lost subsequent to the tender of the other job.

The evidence supports the judge's finding that Mrs. Kinslow failed to show that the board acted discriminatorily in refusing to employ her. There is evidence that her qualifications were considered by definite objective standards and the board concluded that they were not sufficiently high to justify employment.

The allowance of attorney fees was within the discretion of the district judge. In Hill v. County Board of Education of Franklin County, Tenn., 232 F.Supp. 671, the judge found "a continuation of their [board of education] initially-announced policy of adamant obstinacy." Even now the district judge is "not yet convinced that the defendants are exercising the desired good faith in transforming the Franklin County school system from a segregated to a non-segregated system." Although the attorney fees are somewhat disproportionate to the amount of the recovery, we find no abuse of discretion. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Bell v. School Board of Powhatan County, Virginia, 321 F.2d 494 (4th Cir. 1963); Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (4th Cir. 1951).

The judgments are affirmed.