**FLORIDA POWER & LIGHT COMPANY, Petitioner,**

v.

**Douglas M. COSTLE, as Administrator, Environmental Protection Agency and U.S. Environmental Protection Agency, Respondents.**

No. 80–5314.

United States Court of Appeals, Fifth Circuit.*
Unit B

Aug. 27, 1982.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Hopping, Boyd, Green & Sams, Peter Chase Cunningham, William H. Green, Gary P. Sams, Tallahassee, Fla., for petitioner.

John C. Bottcher, Deputy Gen. Counsel, State of Fla., Dept. of Environmental Regulation, amicus curiae.

Lydia N. Wegman, E. P. A., Washington, D. C., Elizabeth Stein, Atty., Pollution Control Section, U. S. Dept. of Justice, Land and Natural Resources Div., Washington, D. C., for respondents.

Before TJOFLAT, HATCHETT and THOMAS A. CLARK, Circuit Judges.

BY THE COURT:

Petitioner, Florida Power and Light Company (FP&L), has moved for an award of reasonable costs and attorney's fees to defray the litigation expenses of *Florida Power and Light v. Costle*, 650 F.2d 579 (5th Cir. 1981). In that case, we held that the Environmental Protection Agency (EPA) abused its discretion in requiring Florida to incorporate a state-imposed two-year limitation on relief into a state implementation plan (SIP) submitted to EPA for approval pursuant to section 110 of the Clean Air Act (the Act), 42 U.S.C. § 7410 (Supp.1979). We also remanded the case to EPA on the issue of the validity of Florida's proposed relaxation of emission limitations for two FP&L generating plants, finding that EPA had based its rejection of Florida's proposal on presently invalid regulations.

FP&L petitioned this court for review of EPA's actions pursuant to section 307(b)(1) of the Act, 42 U.S.C. § 7607(b)(1) (Supp. 1979), which, *inter alia*, provides jurisdiction in the court of appeals for review of EPA actions in approving or promulgating any implementation plan under section 110 of the Act. Authorization for an award of costs incurred in such review proceedings is found in section 307(f), 42 U.S.C. § 7607(f):

> In any judicial proceeding under [Section 307], the court may award costs of litigation (including reasonable attorney and expert witness fees) whenever it determines that such award is appropriate.

In determining whether an award of costs and fees is "appropriate," the legislative history of section 307(f) provides some guidance. It states that "the purposes of the authority to award fees are ... not only to discourage frivolous litigation, but also to encourage litigation which will assure proper implementation and administration of the Act or otherwise serve the public interest." H.R.Rep. 95–294, 95th Cong., 1st Sess. 337 (1977), *reprinted in* [1977] U.S. Code Cong. & Admin.News 1077, 1416.

FP&L, as prevailing party,[1] argues that an award of cost and fees is justified since the result of this litigation will help to "assure proper implementation and administration of the Act" and that Congress intended to encourage just such litigation. It is true that in *Florida Power and Light* we stated that our decision would help maintain "the balance of state and federal responsibilities that undergird the efficacy of the Clean Air Act," 650 F.2d at 589; thus, based on the broad language of both section 307(f) and its legislative history, an award of costs and fees to FP&L would seem appropriate.

EPA contends, however, that Congress never intended that costs and fees be awarded to a large, solvent corporation whose main motivation in pursuing section 307 litigation is financial interest; instead, Congress meant only to reward so-called "watchdog" or public interest groups whose involvement in such suits is motivated by public spirit. These "watchdog" groups, the argument goes, need the financial incentive of fee awards in order to pursue section 307 suits, while corporations such as

---

1. As FP&L was the prevailing party, we need not consider whether or in what circumstances, a non-prevailing party might be entitled to a fee award under section 307(f). *Cf. Alabama Power Co. v. Gorsuch*, 672 F.2d 1 (D.C.Cir.1982).

FP&L have sufficient financial motivation to initiate such litigation even if there is no prospect of winning attorney's fees. Moreover, EPA asserts that the result achieved by FP&L in this case conferred only a "company-specific" benefit and that any public benefit was incidental.

While we find some of EPA's arguments persuasive as a matter of policy, we can find no support for them in either the statute or legislative history. There is no indication that Congress meant to limit section 307(f) awards to public interest groups, *Alabama Power Co. v. Gorsuch*, 672 F.2d 1, 5 (D.C.Cir.1982), nor is there any basis for disqualifying a party from receiving an award merely because that party is solvent and has a financial interest in the outcome of the litigation. As we have found that the result of this suit will aid in assuring "proper implementation and administration of the Act," that it will also specifically benefit FP&L is of no moment.

Thus, based on our reading of the statute and its legislative history, we find that an award of costs and attorney's fees is appropriate. We note, however, that section 307(f) only authorizes fee awards for services rendered during *judicial proceedings*; FP&L is therefore not entitled to fees or costs for their participation in the administrative proceedings which preceded their petition to this court. *Sierra Club v. Gorsuch*, 672 F.2d 33, 42 (D.C.Cir.1982). With this caveat, we GRANT FP&L's motion for costs and, after consideration of all briefs and affidavits, hereby award FP&L $3,000.00 as costs. Additionally, after considering all relevant materials and utilizing the analysis set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), we hereby GRANT FP&L's motion for attorney's fees in the amount of $33,830.50.[2]

SO ORDERED.

2. The court, in its discretion, denies FP&L's belated motion for an award of costs and fees incurred in litigating the attorney's fees issue.