NATIONAL WILDLIFE
FEDERATION, Plaintiff,

v.

CONSUMERS POWER
COMPANY, Defendant.

No. G85–1146.

United States District Court,
W.D. Michigan.

July 12, 1989.

Mark Van Putten, Counsel, Nat. Wildlife Federation, Ann Arbor, Mich., and Yablonski Both & Edelman by Daniel B. Edelman, Washington, D.C., for plaintiff.

Honigman, Miller, Schwartz & Cohn by Joseph M. Polito, Detroit, Mich., and A.T. Udrys, Jackson, Mich., for defendant.

Peter A. Marquardt, The Detroit Edison Co., Detroit, Mich., amici curiae Elec. Utilities.

OPINION

ENSLEN, District Judge.

The National Wildlife Federal ("NWF") brought this action alleging that the defen-

dant, Consumers Power Company ("Consumers"), violated section 402 of the Clean Water Act ("CWA"), 33 U.S.C. § 1342, by failing to obtain a permit authorizing Consumers' Ludington, Michigan hydroelectric facility to release into Lake Michigan turbine generating water containing entrained fish. This Court granted plaintiff's motion for summary judgment on March 31, 1987, a ruling which the Sixth Circuit reversed on December 1, 1988. *National Wildlife Federation v. Consumers Power Co.*, 862 F.2d 580 (6th Cir.1988). The matter is now before the Court on the defendant's motion for award of costs of litigation pursuant to section 505(d) of the CWA, 33 U.S.C. § 1365(d). Consumers argues that it is entitled to nearly $500,000 in attorneys fees and costs since it was the prevailing party in this litigation. The NWF argues that prevailing defendants are entitled to fees and costs only where the lawsuit was frivolous and unreasonable. Since this action involved unsettled and important issues of law, the NWF argues that Consumers is not entitled to recover its costs of litigation.

Section 505(d) provides that, "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines that such award is appropriate." This section is identical to the fee-shifting provisions in other federal statutes and is to be interpreted consistently with those provisions. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 n. 1, 103 S.Ct. 3274, 3276 n. 1, 77 L.Ed.2d 938 (1980). In *Ruckelshaus*, the Court held that these provisions were to be interpreted to allow fee awards only to those litigants who prevailed on at least some of the issues raised in the litigation. Although the statute does not contain "prevailing party" language, the Court held that this construction was consistent with traditional notions of fairness and with congressional policy in other contexts to limit fee awards to prevailing litigants.

There is no question that Consumers is the prevailing party in this litigation. Similarly, neither party disputes that section 505(d) allows for an award of fees and costs to a prevailing defendant under some circumstances. The primary issue framed by this motion is whether prevailing defendants are entitled to an award of costs under the same standards as are applicable to prevailing plaintiffs, or whether they must meet some higher standard in order to prevail. Consumers contends that an award of costs is appropriate whenever "litigation by [the prevailing] party has served the public interest by assisting the interpretation or implementation" of the CWA. *Alabama Power Company v. Gorsuch*, 672 F.2d 1, 3 (D.C.Cir.1982) (awarding costs to prevailing "non-pro-environment" plaintiff). The NWF argues that section 505(d) must be interpreted consistently with other fee-shifting statutes to allow an award of fees to a prevailing defendant only where the plaintiff's claim was frivolous. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). After considering the legislative history of section 505(d), and the standard for awarding fees to prevailing defendants in other contexts, I must conclude that the NWF is correct. Consumers' motion for costs of litigation will be denied.

In cases under Title VII and the Civil Rights Act, the Supreme Court has held that prevailing defendants are entitled to an award of attorneys fees only where the plaintiff's claim is frivolous, meritless, or vexatious. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (42 U.S.C. § 1983); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (Title VII). The Court has also consistently held that fee awards under the various "prevailing party" statutes ought to be governed by the same standards. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Northcross v. Memphis Board of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973). *See also United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir.1984) (fee award under Fair Labor Standards Act

governed by standards for awards under 42 U.S.C. § 1988). In *Ruckelshaus,* the Court held that § 304(d) of the Clean Air Act is identical to section 505(d) and that the standards for awarding fees under both statutes are identical. In *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air,* 478 U.S. 546, 560, 106 S.Ct. 3088, 3095, 92 L.Ed.2d 439 (1986), the Court held that "Given the common purpose of both § 304(d) and § 1988 to promote citizen enforcement of important federal policies, we find no reason not to interpret both provisions governing attorneys fees in the same manner." Like the *Delaware Valley* Court, I can see no reason to interpret § 505(d) in a manner that is inconsistent with the clear rules governing fee awards to prevailing defendants under § 304(d) or § 1988. Thus, I find that section 505(d) allows prevailing defendants to recover litigation costs only where the plaintiff's claim is frivolous, meritless or vexatious.

The legislative history of section 505(d) indicates that Congress sought to serve competing goals by including the fee shifting provision. First, Congress sought to encourage citizen suits under the Clean Water Act by allowing successful plaintiffs to recover their litigation costs. Second, Congress sought to discourage frivolous suits by allowing courts to award fees to defendants where the plaintiff's claim was frivolous. *See* S.Rep. No. 414, 92nd Cong., 1st Sess. 81 (1971) *reprinted at* 1972 U.S. Code Cong. & Admin.News 3668, 3747. The same congressional goals motivated passage of 42 U.S.C. § 1988, the fee-shifting provision for civil rights cases, and 42 U.S.C. § 2000e–5(k), the fee-shifting provision for employment discrimination cases. As indicated above, the Supreme Court has held that these latter statutes allow fees to prevailing defendants only where the underlying claim was frivolous. Three equitable concerns mandate that result. First, as the Court noted in *Christiansburg,* the plaintiff is Congress' "chosen instrument" to vindicate an important federal policy. Second, a fee award to a prevailing plaintiff punishes a defendant who has violated federal law, while a fee award to a prevailing defendant does not. Third,

allowing prevailing defendants to recover fees under the same standards as prevailing plaintiffs would unreasonably deter citizen suits, which Congress sought to encourage, without serving Congress' correlative goal of deterring frivolous actions. These principles apply with equal force to section 505(d). While section 505(d)'s language differs from the language used in some other fee-shifting provisions, the policies behind the statutes are identical, and their judicial interpretation ought also to be consistent.

Finally, I note that the only reported decision to consider, in any detail, the standard for awarding fees to a prevailing defendant under the Clean Air Act's analogous provision has concluded that such fees are available only where the underlying claim is frivolous. In *Consolidated Edison Co. v. Realty Investments Assoc.,* 524 F.Supp. 150 (S.D.N.Y.1980), the court held that, "Congress' design of encouraging citizen suits would be substantially frustrated were 42 U.S.C. § 7604(d) read to permit prevailing defendants to recover attorneys' fees with the same relative ease that successful plaintiffs enjoy. In fact, the legislative history ... makes clear that prevailing defendants may recover fees under Section 7604(d) only where the action may be fairly characterized as frivolous or harassing." *Id.* at 153.

Consumers argues that prevailing defendants ought to be entitled to fees whenever that result would be "appropriate," and not only in cases where the underlying litigation was frivolous. Consumers relies upon two cases awarding fees to prevailing plaintiffs whose litigation position was described by the courts as "non-pro-environment." *Alabama Power Co. v. Gorsuch,* 672 F.2d 1, 5 (D.C.Cir.1982); *Florida Power and Light Co. v. Costle,* 683 F.2d 941, 942 (5th Cir.1982). Both of these cases held that a plaintiff's environmental stance or financial interest in the litigation was irrelevant to their entitlement to fees since, "the dominant consideration is whether litigation by that party has served the public interest by assisting in the interpretation or implementation" of the statute at issue.

*Alabama Power,* 672 F.2d at 3. Consumers concludes that this "public interest" standard, rather than the frivolousness standard applied in other contexts, ought to govern fee awards to prevailing defendants. I disagree.

First, I disagree with the notion, implicit in Consumers' argument, that section 505(d) somehow grants courts more discretion in awarding fees than do other fee-shifting statutes, because section 505(d) allows for fees only where the court "determines that such an award is appropriate." This statutory language does not imply that the standards for awarding fees under section 505(d) must be different from the standards for awarding fees under other provisions. Rather, like most other fee-shifting provisions, it is a grant of discretion to the court. Even under seemingly mandatory provisions, courts have discretion to deny fee requests to prevailing parties. *See Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939 (court may deny fees under 42 U.S.C. § 1988 where fee request is inadequately documented); *Southerland v. International Longshoremen's Local 8,* 845 F.2d 796, 801 (9th Cir.1988); *G & M Roofing,* 732 F.2d at 502. Thus, section 505(d)'s use of the term "appropriate" does not grant the district court more discretion than it has under other statutes, nor does it require the court to adopt a more lenient standard for fee awards to prevailing defendants.

Second, I note that section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), also provides for an award of litigation costs in "appropriate" cases. In *Delaware Valley,* the Supreme Court found that this statute should be interpreted consistently with 42 U.S.C. § 1988, and that the district court's discretion to award a "reasonable fee" under § 304(d) was constrained by the standards developed under § 1988. If Congress' use of the word "appropriate" vested district courts with greater discretion than they have under other fee-shifting provisions, the result in *Delaware Valley* would surely have differed.

Finally, I note that application of *Alabama Power* standard to prevailing defendants would result in a fee award whenever a defendant prevailed, since resolution of any non-frivolous controversy would shed some new light on the interpretation or implementation of the statute. Such a result would, as Consumers admits, frustrate the congressional policy behind section 505(d).

For the reasons stated above, I conclude that prevailing defendants under the Clean Water Act are entitled to an award of fees only where they are able to demonstrate that the plaintiff's claim was frivolous, meritless or vexatious. Since Consumers admits that the NWF's claim does not meet that standard, its motion for award of litigation costs is denied.