**FLORIDA KEY DEER, etc.,
et al., Plaintiffs,**

v.

**The BOARD OF COUNTY COMMIS-
SIONERS FOR MONROE COUNTY,
FLORIDA, etc., Defendant.**

**No. 90–10038–CIV.**

United States District Court,
S.D. Florida.

Aug. 8, 1991.

Henry Lee Morgenstern, Key West, Fla.,
and David J. White, Wm. Robert Irvin, Nat.

Wildlife Federation, Atlanta, Ga., for plaintiffs.

Suzanne A. Hutton, Asst. County Atty., Key West, Fla., for defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

JAMES LAWRENCE KING, Chief Judge.

This cause is before the court upon the plaintiffs' timely motion for attorney's fees and costs, pursuant to 16 U.S.C. 1540(g)(4).[1] In this motion for costs and attorney's fees, plaintiffs, having substantially prevailed in their effort to prevent construction of the access road under the Endangered Species Act of 1973, 16 U.S.C. § 1531–43 ("the Act"), seek to invoke the Act's provision for discretionary award of attorney's fees and costs in private enforcement actions. Although plaintiffs motion might well raise difficult questions of statutory interpretation these issues are not considered here for the court finds that the motion ought to be granted on discretionary grounds.

Plaintiffs initiated this action alleging that construction of the access road through prime Key Deer habitat constitutes a "taking" pursuant to the Act, 16 U.S.C. § 1538(a)(1),[2] and requested the court enjoin the defendant from building the access road. The court granted preliminary injunction in favor of the plaintiffs, then dismissed the case as moot. The defendant county ostensibly abandoned the project before the plaintiffs claim could be adjudicated on the merits.[3]

■■ The question presented by this case is whether it is "appropriate," within the meaning of § 1540(g)(4) of the Endangered Species Act, to award attorney's fees and costs to a party that achieved no success on the merits of its claims. The answer to this question requires a two step inquiry. First, to qualify for a fee there must be some degree of success on the merits by the claimant. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). "Trivial success on the merits or purely procedural victories," is not enough. *Id.*, n. 9. *Ruckelshaus*, however dealt only with eligibility for, not with entitlement to, a statutory award. *Carson–Truckee Water Conservancy Dist. v. Secretary of Interior*, 748 F.2d 523 (9th Cir.1984).

■ In the case *sub judice*, the defendant argues that plaintiffs' have not obtained such a degree of success as to make fees "appropriate." The court is not persuaded by the defendant's argument. The court is convinced that the immediate action taken by plaintiffs was instrumental in preventing the construction of the access road. A cursory review of recent case law reveals that a preliminary injunction is not a mere procedural order; it contains an affirmative finding of likelihood of success, entitled to weight, *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32, 95 S.Ct. 2561, 2567–68, 45 L.Ed.2d 648 (1975); more than a mere holding that plaintiff's evidence, if believed, would warrant recovery. *Hanrahan v. Hampton*, 446 U.S. 754, 758–59, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1980). Here, the relief obtained by the court rulings came close to the relief ultimately sought: to prevent the improvement of the road. As such, the court, in its discretion can reasonably conclude that plaintiffs' are eligible for fees and costs.

A second step, and the dominant consideration is whether the litigation by the party has served the public interest by

---

1. Title 16 U.S.C. § 1640(g)(4) states:
 The court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of this litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award appropriate.

2. Title 16 U.S.C. 1538(a)(1) states in pertinent part:
 ... with respect to any endangered species of fish or wildlife listed pursuant to section 1533 of this title it is unlawful for any person subject to the jurisdiction of the United States to—
 (B) take any such species within the United States ...

3. Fla.Stat. § 336.02(1)(a), vests responsibility and control of county roads in the Board of County Commissioners. Fla.Stat. § 336.11, authorizes the vacation and abandonment of county roads by the Board of County Commissioners.

assisting the interpretation or implementation of the Act. *Florida Power & Light Co. v. Costle*, 683 F.2d 941, 943 (5th Cir. 1983). The purpose of the Act is to "provide for conservation, protection and propagation of endangered species of fish and wildlife." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 174–76, 98 S.Ct. 2279, 2291–92, 57 L.Ed.2d 117 (1978). One of the means of pursuing this goal is to maintain the quality of limited Key Deer habitat. Obviously, a reduction in the number of "road kills" is another means of pursuing this goal. The court can only say that plaintiffs participation in this action did substantially contribute to the goals of the Endangered Species Act.

## ATTORNEY'S FEES

The attorney's fees statute authorizes awards "in any suit brought pursuant to paragraph (1) of this subsection." 16 U.S.C. § 1540(g)(4).[4] The court has already determined that an award is appropriate under the circumstances of this case. The court, therefore, now must determine the amount due the plaintiffs. The most reasonable starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988).

 The decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by council or, if this documentation is insufficient, by relying upon the court's expertise. *Id.* at 1304. Likewise the determination of hours reasonably expended may be based on documentation or, if this evidence is inadequate, the court's own experience. *Id.* With these principles in mind, the court will address the plaintiffs' request.

 Counsel for the National Wildlife Federation has requested fees totaling

$25,752.00. White has 5 years experience as a litigator. Moreover, counsel has substantial experience in the area of the Endangered Species Act. Based on the affidavit filed by the attorney, the court finds that the rate of $145.00 per hour is reasonable by comparison in this legal community. Specifically, the rates are $150.00 per hour for an attorney with five years experience, $200.00 per hour for an attorney with 15 years experience and $85 dollars per hour for a newly admitted attorney are reasonable.

In addition to finding the hourly rate reasonable, the court also believes that the time claimed (177.6) is reasonable. Inasmuch as the attorney has specifically documented the hours expended, and has clearly identified the services rendered to the client, the court's experience with this case and similar cases compels the court to find the total award reasonable. The court inferentially finds the hours worked reasonable. Plaintiff's, therefore, are entitled to $25,752.00 in attorney's fees.

## COSTS

Normally, an award of costs is relatively straightforward. Title 16 U.S.C. § 1540(g)(4) allows the court to tax costs where appropriate. The costs that may be awarded are enumerated in 28 U.S.C. § 1920. This section expressly provides that the following items may be taxed as costs:

1) Fees of the Clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fee under section 1923 of this title;

6) Compensation of court appointed experts etc., and in this case expert witness fees.

 Counsel for the National Wildlife Federation has filed a Bill of Costs. The

---

**4.** Paragraph (1) provides that "any person may commence a civil suit" against any person or governmental entity that violates the act, or against Interior to compel enforcement of the Act.

court will analyze the requests and determine the appropriate amounts base on the statutory guidelines. At the outset, Counsel for plaintiffs is entitled to recover reasonable travel expenses in appearing for the various hearings, not as "costs" but as part of his attorney's fees. Such expenses are customarily billed to clients and should be viewed as part of the reasonable attorney's fees allowed under § 1540(g)(4). As such, the award of attorney's fees will be increased by $2,433.00.

Section 1920 does not provide for delivery, telephone, telecopier, nor postage, so the court denies these requests. Plaintiffs', therefore, are entitled to the remaining items totalling $232.30.

Accordingly, after careful review of the record, and the court being fully advised in the premises, it is

ORDERED and ADJUDGED that the motion for attorney's fees is GRANTED, and the plaintiffs are awarded attorney's fees in the amount of $28,185.87. The total award includes the aforementioned travel expenses. It is further

ORDERED and ADJUDGED that the motion to tax costs is GRANTED, and the plaintiffs are awarded costs in the amount of $23,220.00.

DONE AND ORDERED.