**Briggs Christian MORRIS–SMITH, Plaintiff,**

v.

**MOULTON NIGUEL WATER DISTRICT, South Coast County Water District, and Does 1–100, Defendants.**

**No. SA CV 98–35–GLT [CI].**

United States District Court, C.D. California.

April 15, 1999.

Terrence P. Goggin, Goggin, Goggin & Kim, Laguna Beach, CA, for plaintiff.

William P. Barry, Baker & Hostetler, Los Angeles, CA, for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

TAYLOR, District Judge.

The Court holds a prevailing defendant can recover attorney fees under the federal "Clean Water Act," 33 U.S.C. § 1365(d), if the Court finds the plaintiff's claims were frivolous, unreasonable, or without foundation.

This case was brought under the "citizen suit" provisions of the "Clean Water Act," 33 U.S.C. § 1365, against Defendant water districts. The Court entered summary judgment in Defendant districts' favor, dismissing Plaintiff's claim.

Defendants now seek award of $208,472 in attorney fees and related costs as prevailing parties under 33 U.S.C. § 1365(d), which provides:

> The Court, ... may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

Congress has not limited this section to recovery for prevailing plaintiffs. A prevailing defendant may also be awarded fees if the Court decides such an award is appropriate.

Neither the United States Supreme Court nor the Ninth Circuit has yet decided the standard for awarding costs, including attorney fees, under 33 U.S.C. § 1365's "Clean Water Act." However, the Court finds compelling the Supreme Court's analysis on awarding attorney fees in Title VII actions. Title VII, in language similar to the "Clean Water Act," provides a District Court may in its discretion award attorney fees to the prevailing party. Civil Rights Act of 1964, § 706(k), as amended 42 U.S.C. § 2000e–5(k).

The Supreme Court found policy reasons to favor prevailing plaintiffs over prevailing defendants. In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 417, 98 S.Ct. 694, 54 L.Ed.2d 648(1978), the Court stated that in Title VII actions a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." The Court reasoned a prevailing Plaintiff, who is usually of limited means, should be readily awarded at-

torney fees since he is "the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" *Id.* at 418, 98 S.Ct. 694, quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The Court held, however, no such policy considerations are present when awarding attorney fees to a prevailing defendant. *Christiansburg,* 434 U.S. at 418–419, 98 S.Ct. 694. Lacking such policy considerations, the Court held a court may award attorney fees to a prevailing Title VII defendant on a finding the plaintiff's action was frivolous, unreasonable, or without foundation. *Id.* at 421, 98 S.Ct. 694.

A convincing argument can be asserted that the courts should not make such declarations of legislative policy. The plain words of the statute do not favor a prevailing plaintiff over a prevailing defendant, and Congress could have easily stated such a preference if it had wanted to. Under the doctrine of Separation of Powers, declaration of such policy choices is for the Congress, not the courts. Nevertheless, the Supreme Court has chosen in *Christiansburg* to make such a policy declaration.

Two District Court cases outside the Ninth Circuit have discussed the standards for awarding attorneys fee to a prevailing defendant under the Act at issue here. They held the Supreme Court's reasoning in Title VII cases applied equally to this "Clean Water Act." *National Wildlife Federation v. Consumers Power Company,* 729 F.Supp. 62 (W.D.Mi.1989), and *Atlantic States Legal Foundation, Inc. v. Onondaga Department of Drainage and Sanitation,* 899 F.Supp. 84 (N.D.N.Y.1995).

Although the Ninth Circuit has not decided this issue under the 33 U.S.C. § 1365 "Clean Water Act," *Razore v. Tulalip Tribes of Washington,* 66 F.3d 236 (9th Cir.1995) dealt with similar statutes, the

Federal Water Pollution Control Act Amendments of 1972, § 101 et seq., 33 U.S.C. § 1251, and the Solid Waste Disposal Act, § 1002 et seq., as amended, 42 U.S.C. § 6901 et seq. The Ninth Circuit followed the Supreme Court policy declaration in *Christiansburg,* holding a prevailing defendant may be awarded statutory attorney fees if the Court finds plaintiff's actions were frivolous, unreasonable, or without foundation. *Razore,* 66 F.3d at 240.

■ This line of cases requires this Court to conclude the Ninth Circuit will likely hold a prevailing defendant under 33 U.S.C. § 1365 may be awarded attorney fees if the Court finds the plaintiff's claims were frivolous, unreasonable, or without foundation.

■ The Court cannot find Plaintiff's claim was frivolous, unreasonable, or without foundation. Plaintiff's claim was based partially on inadequacies of the drainage pump station. Defendants made improvements to the drainage pump station after the lawsuit was filed. In the Court's view, Plaintiff was making a good faith argument for what needed to be done in order to avoid future spills.

■ Defendants also argue "where an uninsured public entity is the prevailing defendant, ... the Court should award fees and costs in the hope that such future claims will be deterred."[1] The Court declines to adopt this position. First, a Supreme Court criteria for awarding a defendant attorney fees is that Congress did not want to deter a plaintiff from pursuing Congress' policies. Second, no case law draws a distinction between an insured and an uninsured defendant when determining whether to award attorney fees under this kind of statute. Finally, the Court would be reluctant to penalize a

---

1. Defendants admit they have some insurance protection through pooling their risks with   other public agencies.

plaintiff because a defendant is not insured.

For the foregoing reasons, Defendants' motion for attorney fees is DENIED.