NORTHCROSS ET AL. *v.* BOARD OF EDUCATION
OF THE MEMPHIS CITY SCHOOLS ET AL.

No. 72–1164.   Decided June 4, 1973

PER CURIAM.

This case presents the question of the propriety, under § 718 of the Emergency School Aid Act of 1972, 86 Stat. 369, 20 U. S. C. § 1617, of a denial of attorneys' fees to the successful plaintiffs in this litigation aimed at desegregating the public schools of Memphis, Tennessee.   Section 718, which became effective on July 1, 1972, provides that "[u]pon the entry of a final order by a court of the United States against a local educational agency, a State (or any agency thereof), or the United States (or any agency thereof)," in any action seeking to redress illegal or unconstitutional discrimination with respect to "elementary and secondary education, the court, in its discretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."   In this case, the United States Court of Appeals for the Sixth Circuit denied petitioners' motion for an award of attorneys' fees. The Court of Appeals did not, however, state reasons for the denial and it is therefore not possible for this

Court to determine whether the Court of Appeals applied the proper standard in reaching this result.[1]

Section 718 tracks the wording of § 204 (b) of the Civil Rights Act of 1964, 78 Stat. 244, 42 U. S. C. § 2000a–3(b), which provides that, in an action seeking to enforce Title II of that Act, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." In *Newman* v. *Piggie Park Enterprises, Inc.,* 390 U. S. 400 (1968), we held that, under § 204 (b), "one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.,* at 402. The similarity of language in § 718 and § 204 (b) is, of course, a strong indication that the two statutes should be interpreted *pari passu.* Moreover, "the two provisions share a common *raison d'être.* The plaintiffs in school cases are 'private attorneys general' vindicating national policy in the same sense as are plaintiffs in Title II actions. The enactment of both provisions was for the same purpose—'to encourage individuals injured by racial discrimination to seek judicial relief . . . .' " *Johnson* v. *Combs,* 471 F. 2d 84, 86 (CA5 1972), quoting *Newman* v. *Piggie Park Enterprises, Inc., supra,* at 402. We therefore conclude that, as with § 204 (b), if other requirements of § 718 are satisfied, the successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 390 U. S., at 402. Since it is impossible for us

---

[1] Respondents suggest that petitioners' motion for costs and attorneys' fees might have been denied due to untimeliness. Although it is clear that the petitions for rehearing en banc were denied as untimely, there is no indication that the bill of costs was filed out of time, or that costs and attorneys' fees were denied for that reason.

to determine whether the Court of Appeals applied this standard and, if so, whether it did so correctly, we grant the petition for certiorari, vacate the judgment below insofar as it relates to the denial of attorneys' fees, and remand to the Court of Appeals for further proceedings consistent with this opinion.[2]  See *Taylor* v. *McKeithen,* 407 U. S. 191 (1972); cf. *California* v. *Krivda,* 409 U. S. 33 (1972).

MR. JUSTICE MARSHALL did not participate in the consideration or decision of this case.

---

[2] We need not, and therefore do not, decide whether § 718 authorizes an award of attorneys' fees insofar as those expenses were incurred prior to the date that that section came into effect.  We also do not decide whether, and under what circumstances, an award of attorneys' fees is permissible in suits brought under 42 U. S. C. § 1983 in the absence of specific statutory authorization for such an award. See *Knight* v. *Auciello,* 453 F. 2d 852 (CA1 1972); *Lee* v. *Southern Home Sites Corp.,* 444 F. 2d 143 (CA5 1971).