**Deborah A. NORTHCROSS et al.,**
**Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION OF the MEMPHIS CITY SCHOOLS et al.,**
**Defendants-Appellees,**

**CITY OF MEMPHIS and Wyeth Chandler, Mayor of Memphis, et al., Third-Party and Added Defendants,**

**Exxon Corporation et al., Added Defendants.**

**No. 73–1666.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 1973.

Norman J. Chachkin, New York City, and William E. Caldwell, Memphis, Tenn., for Deborah A. Northcross; Louis R. Lucas, Elijah Noel, Jr., Ratner, Sugarmon & Lucas, Memphis, Tenn., Jack Greenberg, James M. Nabrit, III, New York City, on briefs.

Ernest G. Kelly, Jr., Evans, Petree, Cobb & Edwards, Memphis, Tenn., for Bd. of Ed. of the Memphis City Schools.

Frierson M. Graves, Jr., City Atty., Memphis, Tenn., for City of Memphis and others.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

### ORDER

This case was consolidated for hearing with Cases Nos. 73–1667 and 73–1954, 489 F.2d 15 (and also with Cases Nos. 73–1953 and 73–1955, 489 F.2d 18), and for further explanation of the factual background involved see the per curiam opinion filed therein this date and the earlier appeals arising out of the same general situation cited therein. At issue in the present appeal is the validity of a resolution adopted by the Memphis City Council directing the mayor and comptroller to withhold $250,000 from funds previously approved for use by the Memphis Board of Education. Said sum approximated the cost of the busing of school children ordered by the District Court, and in oral argument in this Court the City's attor-

ney frankly conceded that the City's action was a protest against such Court ordered busing. The District Judge found that the City took such action in an effort to prevent busing as a means of desegregation and issued an order restraining such unlawful defiance of the Court's orders. This appeal followed, and we affirm, holding that the action of the District Court was required to accomplish a constitutionally mandated result.

Appellees seek costs and attorneys' fees in this case and in the dispute involving the School Board's gasoline supply. In support of this request appellees cite Rule 38, Fed.R.App.P., which empowers an appellate court to "award just damages and single or double costs to the appellee" when the appeal is determined to be frivolous. Alternatively, appellees suggest the application of 20 U.S.C. § 1617, which entitles the prevailing party to attorneys' fees in a suit against "a local educational agency, a State (or any agency thereof) . . . for failure to comply with any provision of [Chapter 36 of the General Educational Provisions Act of 1972] . . . or for discrimination on the basis of race . . . [in] elementary or secondary education . . . ." Finally, appellees cite Northcross v. Memphis Board of Education, 412 U.S. 427, 93 S. Ct. 2201, 37 L.Ed.2d 48 (1973), to buttress their claim. In that case the Supreme Court held that attorneys' fees should normally be awarded in discrimination cases, and that it required a special circumstance of unfairness to defeat this rule.

■ We find that the appeals in these cases are essentially frivolous in nature, constituting an attempt by appellant to interfere with the desegregation plans ordered by the District Court. Although appellant is technically neither a "State" nor "an agency thereof," the spirit of 20 U.S.C. § 1617 and *Northcross, supra,* justify the award of costs and attorneys' fees to appellees in this case. In addition, we are empowered to

make this award under Rule 38, Fed.R. App.P.

Costs including an attorney's fee of $500 is hereby assessed against the City of Memphis.