Donald **DAVIS, Jr., a minor by his mother and next friend, Mrs. Sadie Davis, et al., Plaintiffs,**

v.

**SCHOOL DISTRICT OF the CITY OF PONTIAC, INC., et al., Defendants.**

**Civ. A. No. 32392.**

United States District Court, E. D. Michigan, S. D.

Feb. 14, 1974.

William Waterman and Elbert L. Hatchett, Pontiac, Mich., for plaintiffs.

Harold W. Dudley, Pontiac, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

This is an action pursuant to a motion by plaintiffs to award to plaintiffs [1] and assess against defendants reasonable attorneys' fees and out-of-pocket expenses [2] in the above entitled case.

## FINDINGS OF FACT

The facts, as disclosed by the record, indicate that on February 17, 1970, a Memorandum Opinion and Order [3] was

1. Plaintiffs are the class of Negro children of the State of Michigan and residents of the City of Pontiac, Michigan. Defendants are the School District of the City of Pontiac, the Superintendent and the Assistant Superintendent of the Schools of Pontiac and the Members of the Pontiac Board of Education.

2. This Court views attorneys' fees and out-of-pocket expenses as being synonymous.

3. Davis v. School Board of the City of Pontiac, 309 F.Supp. 734 (E.D.Mich.1970), aff'd 443 F.2d 573 (6th Cir. 1971), cert. denied, 404 U.S. 913, 92 S.Ct. 233, 30 L.Ed.2d 186 (1971).

142

filed in which this Court found that plaintiff, Negro children, were being deprived of a quality education in the Pontiac School System, and that the Pontiac Board of Education was guilty of *de jure* segregation. In light of that decision, which was affirmed by the United States Court of Appeals for the 6th Circuit, plaintiffs have now moved for an award of attorneys' fees.

In support of their motion for attorneys' fees, plaintiffs contend:

1. That simple justice requires the award of attorneys' fees to plaintiffs, who were constrained to come into court some 17 years after Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), to abate a condition of racial discrimination which was practiced against plaintiffs by public school officials who were breaching their fiduciary duty to provide equal education to all children regardless of their race, creed or color.

2. That this case is a suit in equity, and that a court of equity, under "extraordinary circumstances" and as a part of its discretionary power may award attorneys' fees and litigation expenses, not taxable as costs by statute, as part of a successful litigant's relief.

3. That similar civil rights cases under Title 42 U.S.C. §§ 1982 and 1983 and other civil rights statutes have illustrated the kind of "extraordinary circumstances" which would allow an equity court to allot the award of reasonable attorneys' fees.

4. That plaintiffs should not be expected to finance these proceedings from their own limited resources because (1) the law has been clear for some 17 years that *de jure* segregation by public school officials is unconstitutional, (2) the Pontiac School Board has, with obstinance, evasiveness and delay, not complied with the law of the land, and (3) the Board has refused to afford thousands of black children their constitutional rights.

In opposition to plaintiffs' motion, defendants contend:

1. That under federal and state practice the general rule is that attorneys' fees are not taxable as costs against the losing party, and that this general rule against the allowance of attorneys' fees is subject to three narrow exceptions: a controlling statute or rule of court, a valid contractual provision for the allowance of attorneys' fees, and the equitable power of the court to make an allowance for counsel's fees.

2. That a federal court should award attorneys' fees in favor of one party and against another, where an unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly or for oppressive reasons, and only for dominating reasons of justice in exceptional cases. See 6 J. Moore, Federal Practice, ¶ 54.77[2].

3. That the rule to be applied in desegregation cases is that attorneys' fees are appropriate only when it is found that the bringing of the action should have been unnecessary and was compelled by the School Board's unreasonable, obdurate obstinacy, and that the Pontiac School Board, as shown by the facts in this case, has not acted with unreasonableness, obstinacy, bad faith or with delaying tactics because: (1) the public schools in the State of Michigan have been integrated since 1867; (2) in 1964 the Board of Education of Pontiac took a positive step to attain racial balance in the schools by adopting a modified neighborhood school policy to promote greater racial mixture; and (3) because of the result of Deal v. Cincinnati Board of Education, 419 F.2d 1387 (6th Cir. 1969), which held *inter alia* that school boards should not have the duty to remedy segregated housing patterns that resulted from both public and private agencies, the Pontiac Board of Education could and did in fact believe that it was operating within constitutional bounds.

Defendants also contend that even if this Court should award attorneys' fees to plaintiffs, the award should not compensate plaintiff for legal services that

were rendered prior to July 1, 1972, the effective date of Section 718 of that Emergency School Aid Act of 1972 (20 U.S.C. § 1617) because that statute should not be applied retroactively.

In addition defendants claim that plaintiffs are not entitled to attorneys' fees because plaintiffs' attorneys by violating Canons 6, 20 and 27 of the Canons of Professional Ethics have come into the court of equity with unclean hands.

## CONCLUSIONS OF LAW

On June 4, 1973, the Supreme Court of the United States, by issuing a Per Curiam opinion in Northcross v. Board of Education of the Memphis City Schools, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973), entertained the propriety, under § 718 of the Emergency School Aid Act of 1972, 86 Stat. 235, of a denial of costs and attorneys' fees to the successful plaintiffs in a litigation aimed at desegregating the public schools of Memphis, Tennessee. The Court noted at 427, 93 S.Ct. at 2201, that Section 718 became effective on July 1, 1972, and provides in part that:

> "[u]pon the entry of a final order by a court of the United States against a local education agency, a State (or any agency thereof), or the United States (or any agency thereof)," in any action seeking to redress illegal or unconstitutional discrimination with respect to "elementary and secondary education, the court, in its discretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The Court further noted at 428, 93 S. Ct. at 2202 that:

> Section 718 tracks the wording of § 204(b) of the Civil Rights Act of 1964, [78 Stat. 244], 42 U.S.C. §

2000a–3(b) which provides that, in an action seeking to enforce Title II of the Act, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." In Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, [88 S. Ct. 964, 19 L.Ed.2d 1263] (1968), we held that, under § 204(b), "one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.*, at 402, [88 S. Ct. 964, at 966]. The similarity of language in § 718 and § 204(b) is, of course, a strong indication that the two statutes should be interpreted *pari passu*. Moreover, "the two provisions share a common *raison d'etre*. The plaintiffs in school cases are 'private attorneys general' vindicating national policy in the same sense as are plaintiffs in Title II actions. The enactment of both provisions were for the same purpose— "to encourage . . . judicial relief. . . .' " * * * We therefore conclude that, as with § 204(b), if other requirements of § 718 are satisfied, *the successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."* * * * * [Emphasis added.]

Because the Court could not determine whether the Court of Appeals for the Sixth Circuit applied this standard, the Court vacated the judgment of the Court of Appeals, as it related to a denial of costs and attorneys' fees, and remanded the case to that court for further proceedings consistent with their opinion.[4] *Id.* at 428, 429, 93 S.Ct. 2201.

In the present case this Court finds that the requirements of Section 718 were met. Also, this Court is of the opinion that the purposes of Section 718

---

4. The Court of Appeals for the Sixth Circuit in the Northcross case recently reversed its original decision and awarded attorneys' fees on the rationale proffered by the Supreme Court. See Northcross v. Board of Education, 489 F.2d 19 (6th Cir. 1973).

of the Emergency School Aid Act to "encourage individuals injured by racial discrimination to seek judicial relief" would especially be served if attorneys' fees are awarded in this case because this Court found (contrary to defendants' contentions) that defendants were intentionally using the power at their disposal to perpetuate a pattern of segregation that had the effect of irreparably harming innocent young Negro children by depriving them of a quality education.

Moreover this Court finds that this is a classic case where plaintiffs were acting as "private attorneys general" in vindicating a policy that Congress considered of the highest priority, i. e., providing equal educational opportunity for all children regardless of race, creed or color; that enforcement of this policy depended upon private litigation; and accordingly that this is the type of case where the successful plaintiff "should ordinarily recover its attorneys' fees.[5] See the *Newman* and *Northcross* cases *supra*.

Regarding defendants' contention that plaintiffs should not be compensated for legal services that were rendered prior to the effective date of the Emergency School Aid Act, July 1, 1972, the Court is of the opinion that plaintiffs are entitled to attorneys' fees for legal services that were rendered to them both prior to July 1, 1972, and subsequent to June 30, 1972. Without ruling on whether or not Section 718 of the Emergency School Aid Act of 1972 should be applied retroactively,[6] this Court does find that

plaintiffs are entitled to attorneys' fees under Section 718 for services that were rendered after June 30, 1972. See Medly v. School Board of the City of Danville, Va., 482 F.2d 1061, 1065 (4th Cir. 1973).

This Court also finds that regardless of Section 718, plaintiffs are entitled to an award of attorneys' fees for the legal services that were provided to them both prior to July 1, 1972, and subsequent to June 30, 1972, because the conduct of defendants in this case in failing to integrate its school system was "unreasonable and unduly obstinate."

The law regarding this basis for an award of attorneys' fees was stated in Monroe v. Board of Commissioners of the City of Jackson, 453 F.2d 259 (6th Cir. 1972) cert. denied 406 U.S. 945, 92 S.Ct. 2045, 32 L.Ed.2d 333 (1972). In the *Monroe* case, a case that allowed an award of attorneys' fees to successful plaintiffs prior to the effective date of Section 718 of the Emergency School Aid Act,[7] the Sixth Circuit Court of Appeals commented 453 F.2d at 263 that:

> The leading decision in this area appears to be Bradley v. School Board of Richmond, Virginia, 345 F.2d 310 (4th Cir. 1965), in which it was stated that an award of attorney fees is proper only in the extraordinary desegregation case, and *only when it is found that bringing the action should have been unnecessary and was compelled by the school board's unreasonable, obdurate obstinacy.* (345 F.2d 321). [Emphasis added.]

---

5. The Court is convinced that if plaintiffs such as those in the present case (i. e., those with limited resources) are required to carry the burden of their attorneys' fees, parties seeking to advance the public interest by obtaining similar injunctive relief will be few in number.

6. The Supreme Court in the *Northcross* case specifically noted that it would not rule on whether § 718 authorizes an award of attorneys' fees insofar as those expenses were incurred prior to the date that that section came into effect. Northcross v. Memphis

Board of Education, *supra* note 2, 412 U.S. at 429, 93 S.Ct. 2201. See also Bradley v. School Board of the City of Richmond, Va., 472 F.2d 318 (4th Cir. 1972).

7. The *Monroe* case was decided on January 7, 1972, and the effective date of Section 718 was July 1, 1972. 86 Stat. 236. See also Rolfe v. County Board of Education of Lincoln County, 391 F.2d 77 (6th Cir. 1968); Hill v. Franklin County Board of Education, 390 F.2d 583 (6th Cir. 1968) Bell v. County Board of Powhatan County, 321 F.2d 494 (4th Cir. 1963).

Since this Court found in its opinion of February 17, 1970, that defendants had established a very long record of making policy statements to the effect that they were committed to integrating the Pontiac School System, but did nothing to implement that policy, this Court now finds that plaintiffs were compelled, by defendants' evasiveness, delay, and unreasonable and obdurate obstinacy in not complying with the law, to bring an action to the Courts. If defendants had implemented their own policy of integration, such an action would have been unnecessary.

It will be recalled that in the opinion of February 17, 1970, this Court found *inter alia* that officials of the Pontiac School System admitted that the black children in their system were being given an inferior education which was psychologically damaging to their self-image and economically damaging to their ability to perform in an adult world, 309 F.Supp. at 736; and that in 1967, after approximately twenty years of doing nothing more than issuing resolutions and policy statements regarding its intent to strive for and achieve racial balance, the Board *sets its sights on the distant future* and adopted a "Long Range plan for school improvement and the achievement of an improved racial balance in the Secondary Schools of the School District of the City of Pontiac" thereby making one more statement of policy without any act of implementation, *Id.* at 739.

This Court also found that the Pontiac Board of Education had thoroughly recognized, since 1948, the need of achieving racial integration among student bodies, faculties and administrations within the system, *Id.;* that despite many pronouncements and resolutions of the Pontiac School Board, it never considered racial balance as a legitimate factor in setting attendance boundary lines, *Id.;* and that a careful and thorough reading of the testimony in this matter, coupled with a study of prior similar litigation regarding the matter [See Henry v. Godsell, 165 F.

Supp. 87 (1958)] revealed that these defendants were unquestionably aware, as early as 1954, of the importance of their resolutions regarding integration, the goals to be obtained and the affirmative role, or duty, they had in accomplishing those goals, *Id.*, 309 F.Supp. at 739, 740. Most importantly this Court found that the Board of Education was guilty of *de jure* segregation because the Board had intentionally utilized the power at its disposal to locate new schools and arrange boundaries in such a way as to perpetuate the pattern of segregation within the city and thereby had deliberately prevented integration, and because the Board had contributed to and played a major role in the development and growth of a segregated situation. *Id.* at 741, 742.

In view of the above (which includes this Court's findings in support of the *Northcross* rationale), the Court using its discretion and traditional equitable powers, finds that plaintiffs are entitled to an award of attorneys' fees for all legal services rendered to them. Monroe v. Board of Commissioners of the City of Jackson, *supra* note 1, 453 F.2d at 262–263. See also Rolfe v. County Board of Education of Lincoln County *supra*; Hill v. Franklin County Board of Education, *supra*; and Bell v. County School Board of Powhatan County, *supra*.

Regarding defendants' claim that plaintiffs should be denied attorneys' fees because plaintiffs' lawyers have come to this Court with "unclean hands," the Court finds that this contention is utterly without merit and is frivolous.

## CONCLUSION

In view of the record and the case law referred to above, this Court hereby grants plaintiffs' motion for attorneys' fees and out-of-pocket expenses for the legal services that were rendered to plaintiffs, both before July 1, 1972, and after June 30, 1972. This Court, however, reserves entering an order stating

the amount of attorneys' fees defendants must pay to plaintiffs until after a hearing has been held to determine the reasonableness of the amount requested.

It is so ordered.