**George ARTHUR et al., Plaintiffs,**

v.

**Ewald P. NYQUIST et al., Defendants.**

**No. Civ–1972–325.**

United States District Court,
W. D. New York.

Jan. 6, 1977.

---

Herman Schwartz, Amherst, N. Y., and Richard F. Griffin, Buffalo, N. Y., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., New York City (Jean M. Coon, Albany, N. Y., of counsel), for State defendants.

Leslie G. Foschio, Corp. Counsel, Buffalo, N. Y. (Anthony Gregory, Buffalo, N. Y., of counsel), for City defendants.

Linden & Deutsch, New York City (David Blasband, New York City, of counsel), for Individual Regents.

CURTIN, Chief Judge.

This school desegregation suit was instituted in June of 1972. A trial subsequently was held and, in a decision dated April 30, 1976, this court found that the defendants Board of Education, Superintendent of Schools, and Common Council of the City of Buffalo, and the Board of Regents of the State of New York and Commissioner of Education had deprived the plaintiffs of their fourteenth amendment right to equal protection of the laws by creating and maintaining, in substantial part, a segregated school system [*Arthur v. Nyquist*, 415 F.Supp. 904 (W.D.N.Y.1976)]. The defendants were ordered to submit plans for the desegregation of the school system and an interim plan went into effect in September of 1976. Further plans have been submitted for the school year beginning September 1977.

Plaintiffs' attorneys have now moved this court to award them interim attorneys' fees for their work from the start of this suit until mid-August, 1976. The plaintiffs claim statutory authority in 20 U.S.C. § 1617, which states:

Upon the entry of a final order by a court of the United States against a local educational agency, a State (or any agency thereof), . . . for discrimination on the basis of race, . . . in violation of . . . the fourteenth amendment to the Constitution of the United States as [it] pertain[s] to elementary and secondary education, the court, in its dis-

cretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Several preliminary arguments should be addressed before the court considers the plaintiffs' request in light of the statutory criteria.

Both the City and State defendants object to the award of attorneys' fees in this case. The City and State both argue that an application for attorneys' fees should be made by the plaintiffs and not by plaintiffs' attorneys. The State also claims that the eleventh amendment bars any recovery and that attorney Schwartz is not entitled to any attorney's fee under New York Public Officers Law § 73 (McKinney's Supp.1976). The City argues that the Board of Education and the Common Council are corporate bodies that cannot be made liable for attorneys' fees under 42 U.S.C. § 1983. The City also contends that since the liability issue in this case is presently on appeal, the court should wait until that appeal is settled to determine whether or not the plaintiffs are "prevailing" parties in the suit.

The City and State's initial argument that an application should be made by the plaintiffs and not by plaintiffs' attorneys is not supported by any case law. In any event, the president of the local branch of the NAACP, and the co-chairperson, at the time this suit was brought, of the Citizens Council for Human Relations, Inc., both of whom are plaintiffs in this case, have submitted affidavits which support the request of Mr. Schwartz and Mr. Griffin for attorneys' fees.

■ 20 U.S.C. § 1617 became effective July 1, 1972. Neither the plaintiffs nor the defendants distinguish between work done on this suit before and after the effective date of the statute. The court notes for the record that it finds that the pre-July 1, 1972 labor of plaintiffs' counsel in this case is compensable, provided the criteria of § 1617 are met as discussed *infra*. This finding is in accordance with the Supreme Court's decision in *Bradley v. School Board*, 416

U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

■ The State's contention that Mr. Schwartz should not receive any fees at all, because he is an employee of New York State and thus barred under N.Y. Pub. Off.Law § 73 (McKinney's Supp.1976) from receiving any compensation from the State of New York, is, again, not supported by any case law. Moreover, a close reading of § 73 reveals that the State's argument is not supported by the words of the statute itself. Under § 73(2),

> [n]o officer or employee of a state agency . . . shall receive, or enter into any agreement . . . for compensation for services to be rendered in relation to any case, proceeding, application, or other matter *before any state agency.* . . . (emphasis added).

Although the State University is a state agency within the meaning of the statute, Op.Att'y.Gen. 119 (1959), and Mr. Schwartz would therefore appear to be covered by the statute, this was not a proceeding before a state agency. The other subdivisions of § 73 do not apply to this action either. Although it does not affect the court's decision, I note that Mr. Schwartz has pledged whatever fee he might recover to the American Civil Liberties Union.

■ The State's argument that the eleventh amendment bars a claim for attorneys' fees in a school desegregation suit is hardly credible in light of the express direction by the Congress in § 1617 that attorneys' fees may be awarded, provided the proper showing is made, and in light of the Supreme Court's recent decision in the case of *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976), in which the Court stated:

> We think that Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts. (Footnote omitted).

■ The City defendants' remaining arguments deserve but brief mention. As this court has pointed out before, and as other courts have indicated, *see Armstrong v. O'Connell*, 416 F.Supp. 1325, 1334 (E.D. Wis.1976), the individual defendant Board members, sued in their official capacities, and the Board itself are, for all intents and purposes, one and the same. The same can be said for the Common Council. As Judge Reynolds pointed out, "only those schooled in the abstract intricacies of jurisdiction theory detect a difference." 416 F.Supp. at 1334. The court also notes that the Senate Report on the recently enacted "Civil Rights Attorney's Fees Awards Act of 1976," Public Law 94–559, stated that

> defendants in [school desegregation] cases are often State or local bodies or State or local officials. In such cases it is intended that the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party). (Footnotes omitted).

Sen. R. No. 94–1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad. News, pp. 5908, 5913.

■ Finally, the court declines to wait until an appeal in this case is settled. Such a request, which the court takes as an argument that this court's prior orders are not "final orders" under § 1617, is not persuasive in light of the Supreme Court's admonition in *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974):

> To delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel, and discourage the institution of actions despite the clear congressional intent to the contrary evidenced by the passage of [§ 1617]. A district court must have been discretion to award fees and costs incident to the final disposition of interim matters.

■ We come, then, to the threshold inquiry under § 1617—whether "the proceedings were necessary to bring about compliance" with the law. Neither the City nor the State defendants address this question. The court believes that the answer to the question can be found in the testimony of Commissioner Nyquist during the trial of the liability phase of this case:

> I don't think you can achieve racial desegregation here in Buffalo without an order from the Commissioner or from the Court.

*Arthur v. Nyquist, supra*, 415 F.Supp. at 958.

The court believes that this is an accurate assessment of the school situation in Buffalo as it existed at the time of the trial and for years previous to the trial of this case. There is no need at this time to repeat the long history of desegregation efforts in Buffalo public schools. That history is recorded in great detail in the court's April 30, 1976 decision. It is enough at this juncture to simply find, in accordance with previous findings of fact in this case, that this proceeding was "necessary" to correct the unconstitutional segregation in the Buffalo Public School System.

■ The provision for attorneys' fees should be clearly understood. Congress allows payment of attorneys' fees in cases such as this primarily for two reasons. First, it encourages counsel to provide legal assistance to parties who might not otherwise be able to afford the high cost of a long and complex lawsuit. Secondly, Congress recognizes that government cannot remedy all the ills attending society. By providing for attorneys' fees, Congress allows private citizens to act in the stead of the government on behalf of society as a whole. This arrangement is not novel; it is old enough to have been accorded its own appellation—a "private attorney general" action. *See Northcross v. Board of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973).

It should further be pointed out that this fee is not any kind of windfall profit for the attorney or the prevailing party. There is

no guarantee, in suits of this type, that there will ever be a fee allowed by the court. Whatever fee is permitted is for past costs and labor.

In conclusion, plaintiffs are entitled to reasonable attorneys' fees for their efforts. Attorneys for the State and City defendants shall meet with plaintiffs' attorneys to attempt to agree on a reasonable amount under the criteria set forth in *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), and *Swann v. Charlotte-Mecklenburg Board of Education*, 66 F.R.D. 483 (W.D.N.C.1975). If the parties can agree on a fee, appropriate papers shall be prepared and submitted to the court for approval. If no agreement can be reached, the parties shall meet with the court on February 15, 1977 at 9:00 a. m. to set a hearing date.

So ordered.