66 F.3d 347
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Howard L. BEALL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3500.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1995.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Howard L. Beall seeks review of the August 22, 1994 decision of the Merit Systems Protection Board (MSPB or Board) in docket no. DE-844E-94-0311-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM). The OPM denied petitioner's request for a disability annuity benefit under the Federal Employees Retirement System (FERS), 5 U.S.C. Secs. 8401-79, 8451 (1988).
 
 
 2
 The initial decision became the final decision of the Board on March 21, 1995, when the Board denied Mr. Beall's petition for review. We affirm the Board's decision.
 
 DISCUSSION
 
 3
 Mr. Beall was formerly employed by the United States Postal Service in Denver, Colorado. On December 16, 1984, he sustained a work-related injury for which he received workers' compensation benefits from the Department of Labor until July 30, 1989, when the Department of Labor determined that he had recovered from his work-related injury.
 
 
 4
 By letter of January 15, 1992, he filed an application with the OPM for FERS disability retirement. In his application, he described his disability as cervical disc disease and lumbar disease. He stated that he could not lift more than fifteen pounds of mail and that his job required him to lift more than seventy pounds. In support of his application, Mr. Beall filed with the OPM medical reports from six physicians and medical professionals, who indicated that he was suffering from a disability related to his lumbar region. Included in these reports was one filed by Dr. O.M. Olson, a Postal Service physician, who in a report dated July 24, 1990, wrote that Mr. Beall had stated that he could not lift more than fifteen pounds, and could not lift, stand, push, or pull. Based on Mr. Beall's account of his condition, Dr. Olson opined that Mr. Beall's fifteen pound weight lifting restriction disqualified him from performing the essential functions of his position.
 
 
 5
 In a reconsideration decision dated April 4, 1994, the OPM found that the physicians who submitted opinions on behalf of Mr. Beall's application did not perform any diagnostic tests or provide physical findings supporting their opinions. The OPM considered the medical and professional reports and found that the medical evidence submitted failed to establish that Mr. Beall had a medical condition that was disabling or warranted restrictions in performing the critical or substantial duties of his position.
 
 
 6
 On appeal to the MSPB, the administrative judge again considered the medical reports contained in the record, and he found that the physicians who conducted radiology or myelogram tests on Mr. Beall determined that his condition was within normal limits. Therefore, the administrative judge concluded that Mr. Beall had failed to show that he was entitled to a disability annuity.
 
 
 7
 The statute that governs appeals to the MSPB and judicial review of the OPM's disability retirement decisions under FERS provides:
 
 
 8
 The Office [OPM] shall determine questions of disability and dependency arising under the provisions of this chapter administered by the Office. Except to the extent provided under subsection (e), the decisions of the Office concerning these matters are final and conclusive and are not subject to review.
 
 
 9
 5 U.S.C. Sec. 8461(d).
 
 
 10
 Subsection (e) provides for appeals to the MSPB and for judicial review in cases where the OPM finds that a person is disabled on the basis of his mental condition.
 
 
 11
 In construing 5 U.S.C. Sec. 8347(c) (1988), the provisions of which are substantially identical to Sec. 8461(d), the Supreme Court and this court have held that Sec. 8347(c) bars judicial review of the factual determinations of the OPM in disability retirement cases. See Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986).
 
 
 12
 In a recent decision construing Sec. 8461(d), which was enacted after Section 8347(c), this court invoked the general rule that when Congress enacts legislation that is nearly identical to the language of an earlier act, and shares a common purpose with the earlier act, the language of the later statute should be interpreted in accordance with the established judicial interpretation of the earlier statute. Anthony v. Office of Personnel Management, 58 F.3d 620, 626 (Fed.Cir.1995); see Northcross v. Memphis Board of Education, 412 U.S. 427, 428 (1973). Accordingly, we conclude that this court has no jurisdiction to review the factual determinations of the OPM and the MSPB that Mr. Beall failed to show that he had a disabling medical condition.
 
 
 13
 The only ground asserted by Mr. Beall for reversal of the MSPB decision is his contention that the MSPB failed to credit the medical reports that he submitted to his employer. In particular, he relies on the report of Dr. O.M. Olson, the Postal Service medical officer who found that Mr. Beall's fifteen-pound lifting restriction disqualified him from performing "the essential functions of the Clerk craft." Thus, Mr. Beall is asking the court to set aside the factual determinations of the OPM and the MSPB by considering and weighing the various medical reports that were before the OPM and the MSPB and decide that he is entitled to disability retirement. For the reasons stated in the decisions cited above, we hold that we are precluded from taking the action requested by petitioner. Accordingly, the decision of the MSPB is affirmed.