Kim F. **THORPE** f/k/a Kim F. Jones, Plaintiff,

v.

**COLLECTION INFORMATION BUREAU, INC.,** Defendants.

No. 94–8766–CIV.

United States District Court, S.D. Florida.

Oct. 9, 1996.

## ORDER

MARCUS, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Verified Motion for an Award of Attorney Fees, filed September 15, 1995, [D.E. 101]. Plaintiff supported her Motion with documents attached as exhibits; a Memorandum of Law [D.E. 102]; and an affidavit executed by Plaintiff's counsel [D.E. 103]. On October 23, 1995, Defendant filed a Memorandum of Law in opposition to Plaintiff's Motion [D.E. 117]. On November 28, 1995, Plaintiff filed a Response to Defendant's opposition memorandum, along with additional supporting documents [D.E. 130]. This Court, on November 20, 1995, referred Plaintiff's Motion to Magistrate Judge Johnson, who issued a Report and Recommendation in favor of Plaintiff's Motion on March 8, 1996 [D.E. 156]. The Magistrate Judge specifically recommended that the Plaintiff be awarded $33,598.50 in attorney's fees, representing 172.30 hours of attorney time at $195.00 per hour.

The Defendant filed Objections, and corrected Objections, to the Report and Recommendation on March 22 and April 4, 1996 [D.E. 159, 162]; Plaintiff responded to the objections on April 3, 1996 [D.E. 160]. Having considered all relevant pleadings, documents, and affidavits, and being otherwise fully advised in the premises, for the reasons detailed below and those contained in the Report and Recommendation, the Report and Recommendation is ADOPTED, and the Plaintiff's Motion is GRANTED.[1]

### I.

Kim F. Thorpe ("Plaintiff") filed an action against Collection Information Bureau, Inc. ("Defendant") for statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff claimed that Defendant violated various provisions of the FDCPA in its communications with Plaintiff and therefore sought actual damages, statutory damages, costs and attorney's fees. Defendant made an offer of judgment pursuant to Fed.R.Civ.P. 68 on August 21, 1995, and Plaintiff accepted the offer on August 30, 1995, in the amount of six thousand dollars ($6,000.00).

Plaintiff now seeks, as prevailing party and pursuant to 15 U.S.C. § 1692k(a)(3), $33,-598.50 for reasonable attorney's fees for the services of counsel, Mr. Samuel C. Aurilio. This Motion is supported by Mr. Aurilio's billing records and affidavit, which establish that he expended in this matter 172.3 hours at the hourly rate of $195.00. Mr. Aurilio states that $195 per hour is the community market rate for the type of legal services rendered in this case. In the affidavit of Michael J. McHale, submitted along with Plaintiff's response to Defendant's opposition, affiant attests that the reasonable and prevailing rate in cases, similar to the present one, litigated in this District is within the range of $150.00 and $225.00 per hour. *Pl. Response*, filed Nov. 28, 1995, Exh. E. Additional documents, also submitted with Plaintiff's response, demonstrate that Mr. Aurilio has received $175.00 per hour from other clients and in other attorney's fee awards connected with litigation in nearby state courts. *See id.*, Exhs. A, C, E.

Defendant opposes both the billing rate and total hours requested by Plaintiff, claiming that Mr. Aurilio's rate is excessive, that he is relatively inexperienced, and that he has never been awarded such a rate in a FDCPA case. Additionally, Defendant submits an affidavit from Ms. Ellen Malasky, who asserts that for legal services rendered in this case, the prevailing market rate is between $85.00 and $100.00 per hour. Furthermore, Defendant raises objections to many of Mr. Aurilio's billing items, arguing that Mr. Aurilio unreasonably billed for hours expended performing clerical duties, pursuing the case after Defendant submitted its Offer of Judgment, engaging in excessive research, and resulting from Plaintiff's failure to comply with discovery.

Magistrate Judge Johnson, after carefully reviewing each of Defendant's specific objec-

---

1. Because Plaintiff does not request reimbursement for any interest, costs, or additional fees for litigating the present Motion, we address only the $33,598.50 requested in her Motion for reasonable attorney's fees incurred in litigating the case.

tions and Plaintiff's responses, concluded that the hours requested were reasonable and that Defendant's objections were without merit. The Magistrate Judge specifically rejected the affidavit of Ms. Malasky, which suggested that a reasonable hourly rate should be between $85.00 and $100.00. The Magistrate Judge concluded that the rate requested by Plaintiff was reasonable and that the hours billed fairly and reasonably reflected the work properly expended in the case.

The Defendant now objects to the Magistrate Judge's Report and Recommendation, arguing that she improperly considered and weighed certain affidavits and other documents submitted regarding a reasonable rate. Additionally, Defendant argues that the Judge erred in determining that the hours billed were reasonable, given the relative simplicity of the case and the limited settlement award.

■ The Magistrate Judge's calculus is altogether reasonable in this case and is fully consonant with the controlling case law. As prevailing litigant in this case, the Plaintiff is entitled to reasonable attorney's fees pursuant to the relevant provision of the FDCPA, which allows to such a party "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Defendant does not contest that Plaintiff is the prevailing party, nor that she is entitled to reasonable attorney's fees and costs. What is at issue is the reasonableness of fees now requested.

■ Again, the starting point for setting any attorney's fee is determining the "lodestar" figure, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Norman v. Hous.*

*Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988).[2] Once "'the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee' to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 564, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (quoting *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984)) (emphasis in original) (*Delaware Valley Citizens' Council I* ).

■ Sufficient evidence has been adduced to support both the hourly rate of $195.00 and the expenditure of 172.30 hours on the case. In reaching this determination, this Court has made a *de novo* review of the record, has examined the various affidavits submitted, and has reviewed among other things the nature of the case, the skill required to prosecute it, the customary fee in the community, the attorney's experience, reputation, and ability, the amount of time billed, and the specific nature of the services rendered.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report and Recommendation is ADOPTED by this Court, and the Plaintiff shall recover from Defendant $33,598.50 in attorney's fees incurred in the litigation of her case.

---

**2.** Although many of the fee-shifting decisions on which we rely in this matter arose in the context of civil rights statutes, and not the FDCPA, each of these statutes use the term "reasonable attorney's fee" and serve the same general purpose of shifting fees in order "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478

U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986). "[F]ee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." *Independent Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 2735, 105 L.Ed.2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Educ.,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973)).