08-4724-cv
Wasser v. New York State Office

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____

August Term, 2009

(Argued: April 7, 2010                    Decided: April 28, 2010 )

Docket No. 08-4724-cv

_____

MICHAEL J. WASSER,

                    *Plaintiff-Appellant*,

                    v.

NEW YORK STATE OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES, LAWRENCE C. GLOECKLER, Deputy Commissioner New York State Education Department, Office of Vocational and Educational Services for Individuals with Disabilities, in his official and individual capacities, DANNA MITCHELL, Brooklyn Office Manager, New York State Education Department, Office of Vocational and Educational Services for Individuals with Disabilities, in her official and individual capacities,

                    *Defendants-Appellees*.

_____

Before: WALKER, STRAUB, AND LIVINGSTON, *Circuit Judges*.

_____

Plaintiff-Appellant Michael J. Wasser, appearing *pro se*, appeals from a judgment entered on August 28, 2008 in the United States District Court for the Eastern District of New York (David G. Trager, *Judge*).  The judgment followed an August 27, 2008 memorandum and order dismissing plaintiff's claims brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and 42 U.S.C. § 1983.  We address the merits of plaintiff's appeal in a separate summary order

1

also filed today. This opinion addresses only the appropriate standard of review that district courts should apply when a plaintiff commences a civil action under 29 U.S.C. § 722(c)(5)(J) seeking review of a final decision of either a state hearing officer or a state reviewing official. We hold that district courts should apply a modified *de novo* standard of review, engaging in an independent review of the administrative record while according substantial deference to the policy views of the New York State Office of Vocational and Educational Services for Individuals with Disabilities and the findings of state administrative proceedings.

—————————————————————

MICHAEL J. WASSER, *pro se*, Brooklyn, New York, *for Plaintiff-Appellant*.

MONICA WAGNER, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, *on the brief*, Barbara D. Underwood, Solicitor General, Michelle Aronowitz, Deputy Solicitor General, *of counsel*), New York, New York, *for Defendants-Appellees*.

—————————————————————

*Per Curiam*:

Plaintiff-Appellant Michael J. Wasser, appearing *pro se*, appeals from a judgment entered on August 28, 2008 in the United States District Court for the Eastern District of New York (David G. Trager, *Judge*). The judgment followed an August 27, 2008 memorandum and order dismissing plaintiff's claims brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and 42 U.S.C. § 1983. *See Wasser v. N.Y. State Office of Vocational & Educ. Servs. for Individuals with Disabilities*, --- F. Supp. 2d ----, No. CV-01-6788, 2008 WL 4070263 (E.D.N.Y.

Aug. 27, 2008).[1] We address the merits of plaintiff's appeal in a separate summary order also filed today. This opinion addresses only the appropriate standard of review that district courts should apply when a plaintiff commences a civil action under 29 U.S.C. § 722(c)(5)(J) seeking review of a final decision of either a state hearing officer or a state reviewing official. *See id.* § 722(c)(5)(G)-(H). We hold, as the District Court did, that the appropriate standard of review is the same as that applicable under the Individuals with Disabilities Education Act ("IDEA") — that is, district courts should apply a modified *de novo* standard of review, engaging in an independent review of the administrative record while according substantial deference to the policy views of the New York State Office of Vocational and Educational Services for Individuals with Disabilities ("VESID") and the findings of state administrative proceedings.

**BACKGROUND**

Because the underlying facts are not particularly relevant to our analysis of the appropriate standard of review under the Rehabilitation Act, we assume the parties' familiarity with the facts and the procedural history of the case. *See also Wasser*, 2008 WL 4070263, at *1-9. Briefly though, plaintiff, who suffers from a progressive form of muscular dystrophy functionally rendering him a quadriplegic, is a practicing attorney with the New York City Law Department, where he is employed as an Assistant Corporation Counsel. VESID began working

---

[1] On September 30, 2003, the District Court issued a memorandum and order granting defendants' motion to dismiss plaintiff's discrimination claims and all claims purportedly asserted on behalf of third parties. *See Wasser v. N.Y. State Office of Vocational & Educ. Servs. for Individuals with Disabilities*, No. CV-01-6788, 2003 WL 22284576 (E.D.N.Y. Sept. 30, 2003). Plaintiff's remaining claims were addressed in the District Court's August 27 memorandum and order, and plaintiff appeals only from that decision.

3

with plaintiff in 1992 to help him achieve his vocational goal of becoming a corporate lawyer. Throughout plaintiff's undergraduate studies at Brooklyn College and his legal studies at Brooklyn Law School, VESID provided plaintiff with a variety of services including computers and transportation adapted to his needs. VESID also paid plaintiff's law school tuition up to the amount of tuition at the State University of New York at Buffalo Law School ("SUNY"). In March 2000, after plaintiff had graduated from law school and informed VESID that he was employed by the City Law Department, VESID closed his case.

Plaintiff exercised his right to challenge VESID's decision to close his case, seeking administrative review of the decision and, eventually, an impartial hearing before a state officer. Plaintiff asserted that he was entitled to additional services from VESID, including a vehicle modified to enable him to drive to and from work, a back-up motorized wheelchair, and reimbursement for the difference in tuition between Brooklyn Law School and SUNY and for expenses incurred during a summer internship in 1998. On July 18, 2001, the state hearing officer rendered a final decision, finding that VESID had properly closed plaintiff's case and that plaintiff did not establish the need for additional services. Plaintiff commenced a civil action in the District Court on October 15, 2001, seeking a review of the state hearing officer's decision. *See* 29 U.S.C. § 722(c)(5)(J). After conducting an independent review of the administrative record, while still giving "due weight" to the administrative proceedings, the District Court dismissed plaintiff's claims on August 27, 2008. This timely appeal followed.

**DISCUSSION**

Title I of the Rehabilitation Act provides federal grants to "assist States in operating

statewide . . . programs of vocational rehabilitation . . . designed to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice, so that such individuals may prepare for and engage in gainful employment." 29 U.S.C. § 720(a)(2)(B); *see also id.* § 720(b). In order to be eligible for federal grants, states must submit plans that comply with § 721. *See id.* § 721(a)(1)(A). These plans "shall include an assurance that an individualized plan for employment . . . will be developed and implemented," *id.* § 721(a)(9)(A), and the individualized plan must consist of, *inter alia*, "a description of the specific employment outcome that is chosen by the eligible individual," *id.* § 722(b)(3)(A). The State of New York has opted to receive federal grants under Title I, and pursuant to the state's Vocational Rehabilitation Law, *see* N.Y. Educ. Law § 1001 *et seq.*, "VESID administers Federally funded vocational rehabilitation programs and promulgates rules and regulations necessary to implement the State law." *Murphy v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 705 N.E.2d 1180, 1182 (N.Y. 1998) (citations omitted).

Section 102 of the Rehabilitation Act further requires states to "establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by," in the case of New York, VESID. 29 U.S.C. § 722(c)(1). Due process hearings must be conducted by an impartial hearing officer, who is selected on a random basis or by agreement of the parties. *See id.* § 722(c)(5)(A), (C). After a hearing officer's decision becomes final, *see id.* § 722(c)(5)(G)-(H), an aggrieved party "may bring a civil action for review of such decision," which may be brought "in a district court of the United States of competent

5

jurisdiction," *id.* § 722(c)(5)(J)(i). Most relevant to the issue before us, in any civil action brought in a district court, the court

> (I) shall receive the records relating to the [impartial due process] hearing . . ., if applicable;
>
> (II) shall hear additional evidence at the request of a party to the action; and
>
> (III) basing the decision of the court on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate.

*Id.* § 722(c)(5)(J)(ii).

Notably, IDEA provides aggrieved parties with a virtually identical right to seek review of a state administrative decision by filing a civil action in federal district court, in which the court

> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). We have held, based on the Supreme Court's interpretation of this language in *Board of Education v. Rowley*, 458 U.S. 176, 205-08 (1982) (then codified at § 1415(e)(2)), that "IDEA's statutory scheme requires substantial deference to state administrative bodies on matters of educational policy." *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir. 2005). "Although the district court must engage in an independent review of the administrative record and make a determination based on a 'preponderance of the evidence,' . . . such review 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review.'" *Id.* at

6

191-92 (citation omitted) (quoting *Rowley*, 458 U.S. at 206). "While federal courts do not simply rubber stamp administrative decisions, they are expected to give 'due weight' to these proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (internal quotation marks and alteration omitted) (quoting *Rowley*, 458 U.S. at 206, 208). Of course, "the 'due weight' we ordinarily must give to the state administrative proceedings is not implicated with respect to . . . issues of law, such as the proper interpretation of the federal statute and its requirements." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005) (internal quotation marks and alteration omitted).

Given the similarity between, and in fact the nearly identical wording of, 29 U.S.C. § 722(c)(5)(J)(ii) and 20 U.S.C. § 1415(i)(2)(C), we see no basis for interpreting the standard of review required by these provisions differently. *See Northcross v. Bd. of Educ.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that the similarity of language in provisions of two different statutes "is, of course, a strong indication that the two statutes should be interpreted pari passu"). This conclusion is reinforced by the similar purposes of both statutes to assist individuals with disabilities — specifically, those purposes being the Rehabilitation Act "to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society," 29 U.S.C. § 701(b)(1), and IDEA "to ensure that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs and prepare them for further education, employment, and independent

7

living," 20 U.S.C. § 1400(d)(1)(A). *See Smith v. City of Jackson*, 544 U.S. 228, 233 (2005) (plurality opinion as to Part III) ("[W]hen Congress uses the same language in two statutes having similar purposes . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes.").

We are not persuaded by plaintiff's argument that the appropriate standard of review for district courts to apply is strict *de novo*, with no deference accorded to the policy decisions of VESID or the findings of state administrative proceedings. Plaintiff principally argues that his case is different from those cases that arise under IDEA because, although courts may not be in the best position to resolve issues of educational policy, courts are uniquely positioned to evaluate the vocational rehabilitation services necessary for an individual to become a lawyer, which was plaintiff's employment goal. This argument ignores the reality that VESID does not provide vocational rehabilitation services exclusively to disabled individuals seeking to become lawyers; to the contrary, VESID provides services to individuals so that they "can improve their ability to become gainfully employed," 29 U.S.C. § 720(a)(3)(A), without regard to the type of employment sought by the individual. Thus, the only fair and workable standard to be applied is one that is the same regardless of the aggrieved party's employment goal. Moreover, even in the case of a disabled individual seeking to become a lawyer, courts are in no better position than VESID to determine the rehabilitative services necessary to achieve that goal because the core policy decisions VESID makes relate to the specific services a client needs as a result of his or her disability, not the general needs of a client who aims to become a lawyer.

Accordingly, we agree with the District Court below, as well as the Eighth Circuit, *see*

8

*Reaves v. Mo. Dep't of Elementary & Secondary Educ.*, 422 F.3d 675, 680-81 (8th Cir. 2005), that district courts should apply the same standard of review as that applicable under IDEA when reviewing final state administrative decisions under 29 U.S.C. § 722(c)(5)(J) of the Rehabilitation Act. *See also Diamond v. Michigan*, 431 F.3d 262, 265 (6th Cir. 2005) (accepting, without endorsing, district court's decision to look to virtually identical judicial review provision under IDEA for guidance in interpreting § 722(c)(5)(J)(ii)); *Carrigan v. N.Y. State Educ. Dep't*, 485 F. Supp. 2d 131, 134-35 (N.D.N.Y. 2007). Thus, although district courts must engage in an independent review of the administrative record and render a decision based on a preponderance of the evidence, the Rehabilitation Act requires substantial deference to VESID on matters of vocational rehabilitation policy and district courts must give due weight to the findings of the state administrative proceedings. Here, the District Court stated and applied the appropriate standard of review under 29 U.S.C. § 722(c)(5)(J) in dismissing plaintiff's claims.

**CONCLUSION**

Accordingly, for the foregoing reasons and for the reasons stated in the separate summary order filed today, we AFFIRM the order and judgment of the District Court.

9