NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DONALD J. TAYLOR, an individual and citizen of the State of Washington, | ) ) ) ) | No. 16-35775 |
| | ) | D.C. No. 4:16-cv-05023-SMJ |
| Plaintiff-Appellant, | ) ) | MEMORANDUM[*] |
| v. | ) ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Defendant-Appellee. | ) ) ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted July 10, 2018[**]
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Donald J. Taylor, a tax return preparer, appeals the district court's dismissal for lack of jurisdiction of his action against the Commissioner of Internal Revenue for abatement of penalties assessed against him and for refund of amounts paid toward those penalties. We affirm.

Taylor prepared tax returns that were filed by various taxpayers, and after an investigation, the United States Internal Revenue Service ("IRS") assessed tax-return-preparer penalties against him. *See* 26 U.S.C. § 6694(a), (b). In general, district courts do not have subject matter jurisdiction over actions for refund of amounts paid on a penalty assessment unless the assessment has been paid in full. *See Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985); *see also Flora v. United States*, 357 U.S. 63, 72–76, 78 S. Ct. 1079, 1085–86, 2 L. Ed. 2d 1165 (1958), *aff'd on reh'g*, 362 U.S. 145, 176–77, 80 S. Ct. 630, 647, 4 L. Ed. 2d 623 (1960). Taylor did not pay any of the penalties in full; on the contrary, he directed that his payments be allocated to a payment of fifteen percent on each separate penalty. *See Buffalow v. United States*, 109 F.3d 570, 574 (9th Cir. 1997). Nevertheless, Taylor asserts that he came within the exception provided by 26 U.S.C. § 6694(c). We disagree.

That exception does confer district court jurisdiction when a tax return

preparer has paid at least fifteen percent of a penalty,[1] if he commences his refund action within thirty days after the earlier of: the IRS' denial of his claim for refund, or "the expiration of 6 months after the day on which he filed the claim for refund."[2] Taylor did not file within those time limits. He suggests that § 6694(c) does not require that he do so. However, we have already construed a different section which, with trivial exceptions not relevant here, contains precisely the same language.[3] *See* 26 U.S.C. § 6703(c)(1), (2). In considering that section we held that "once a plaintiff misses the six-month-plus-30-day deadline, the district court lacks jurisdiction over the refund suit unless the taxpayer pays the entire penalty first." *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993) (per curiam); *see also Thomas*, 755 F.2d at 729–30. The use of the same language in § 6694(c) and § 6703(c) strongly suggests that we should apply the same interpretation to the sections. *See Northcross v. Bd. of Educ.*, 412 U.S. 427, 428, 93 S. Ct. 2201, 2202,

---

[1]26 U.S.C. § 6694(c)(1).

[2]*Id.* at (2).

[3]That even includes the section headings to the extent that considering them would be a proper aid to interpretation. *See* 26 U.S.C. § 7806(b); *see also Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47, 128 S. Ct. 2326, 2336, 171 L. Ed. 2d 203 (2008); *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528–29, 67 S. Ct. 1387, 1392, 91 L. Ed. 1646 (1947).

37 L. Ed. 2d 48 (1973) (per curiam). In any event, we see no basis for holding that the § 6694(c) language should be construed to mean something different from the § 6703(c) language.

Moreover, the district court did not abuse its discretion[4] when it declined to hear Taylor's newly minted argument that he could found jurisdiction on the divisibility exception.[5] That argument was first presented to the district court at oral argument on the motion to dismiss, and contradicted the fifteen percent basis argument upon which the complaint and briefing[6] rested.

AFFIRMED.

---

[4]*See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665–66 (9th Cir. 1999); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[5]*See Korobkin*, 988 F.2d at 976–77.

[6]*See* E.D. Wash. R. 7.1(b), (d); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).